# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBI TOWNSEND, CHELSEA SMITH, HOLLY S. DANIELS, JENNIFER D. GERVAIS and SHELLEY HENDERSON, individually and as class representatives for all similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> EDUCATION CORPORATION OF AMERICA, BRIGHTWOOD CAREER INSTITUTE, BRIGHTWOOD COLLEGE, ECOTECH INSTITUTE, GOLF ACADEMY OF AMERICA and VIRGINIA COLLEGE, <br><br> Defendants. | Civil Action No. _____ <br><br><br><br> **JURY DEMAND** <br><br> **CLASS ACTION** |

## CLASS ACTION COMPLAINT
## FOR VIOLATION OF THE WORKER ADJUSTMENT AND
## RETRAINING NOTIFICATION ACT 29 U.S.C. § 2101, *et seq.*

Plaintiffs Debi Townsend, Chelsea Smith, Holly S. Daniels, Jennifer D. Gervais and Shelley Henderson, individually and as class representatives for all similarly situated individuals, by and through their undersigned counsel, bring this Complaint and make the following allegations, in accordance with the numbered paragraphs set forth below:

## NATURE OF ACTION

1. This action is brought by former employees of Education Corporation of America ("ECA") and its wholly owned subsidiaries Brightwood Career Institute, Brightwood College, Ecotech Institute, Golf Academy of America and Virginia College (collectively, "the ECA

Subsidiaries"), who were terminated without proper legal notice, as part of, or as a result of, campus shutdowns and/or mass layoffs at various facilities ("Facilities"), including but not limited to, campuses located in Alabama, California, Colorado, Florida, Georgia, Indiana, Maryland, Nevada, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas and Virginia.

2. ECA owns and operated private institutions of higher education throughout the United States. The ECA Subsidiaries are wholly-owned subsidiaries of ECA, a Delaware corporation, which operates from campuses throughout the United States (ECA and the ECA Subsidiaries are referred to collectively herein as "ECA"). Upon information and belief, ECA exercised direct control over the ECA Subsidiaries and made the decision to terminate employees of the ECA Subsidiaries without proper notice, severance, benefits or payment for earned wages, bonuses and other compensation.

3. As indicated above, Plaintiffs Debi Townsend, Chelsea Smith, Holly S. Daniels, Jennifer D. Gervais and Shelley Henderson (collectively, "Plaintiffs") were terminated by ECA on or about December 5, 2018. Plaintiffs, and the members of the class they seek to represent, failed to receive proper advance notification of their terminations, in violation of the WARN Act and/or state wage and employee laws. Plaintiffs, and the members of the class they are seeking to represent, failed to receive payments owed to them under ECA's compensation and benefit plans, actual payroll checks for payment of wages/salary, vacation benefits, deferred compensation and bonuses, including incentive bonuses, severance and retention bonuses, that were subsequently not honored or paid. The Plaintiffs bring this action on behalf of themselves, and other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, campus closings ordered by Defendants

and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et. seq*.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 2104(a)(5).

5.  Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

6.  Class Plaintiff, Debi Townsend, was an ECA employee and worked at Virginia College in Huntsville, Alabama as a Program Director in Cosmetology, until her termination on or about December 5, 2018.  Plaintiff's termination was part of ECA's mass layoff/campus closing and termination of its business operations at all campuses and colleges.

7.  Class Plaintiff, Chelsea Smith, was an ECA employee and worked at Brightwood Career Institute in Philadelphia, Pennsylvania as a full-time Career Development Specialist, until her termination on or about December 5, 2018.  Plaintiff's termination was part of ECA's mass layoff/campus closing and termination of its business operations at all campuses and colleges.

8.  Class Plaintiff, Holly S. Daniels, was an ECA employee and worked at Virginia College in Augusta, Georgia as a full-time Student Finance Supervisor, until her termination on or about December 5, 2018.  Plaintiff's termination was part of ECA's mass layoff/campus closing and termination of its business operations at all campuses and colleges.

9.  Class Plaintiff, Jennifer D. Gervais, was an ECA employee and worked at Virginia College in Huntsville, Alabama as a full-time Cosmetology Instructor, until her termination on or about December 7, 2018.  Plaintiff's termination was part of ECA's mass layoff/campus closing and termination of its business operations at all campuses and colleges.

10. Class Plaintiff, Shelley Henderson, was an ECA employee and worked at Brightwood College in Sacramento, California as a full-time Vocational Nursing Instructor, until her termination on or about December 5, 2018. Plaintiff's termination was part of ECA's mass layoff/campus closing and termination of its business operations at all campuses and colleges.

11. ECA is a privately-held, for-profit corporation, headquartered in Birmingham, Alabama, that operated proprietary colleges across the United States with more than 70 locations serving more than 20,000 students. Upon information and belief, ECA also operated an online school along with several affiliated businesses. ECA is incorporated in the state of Delaware. ECA's colleges offer programs of study culminating in diplomas and certificates, associate's degrees, bachelor's degrees, master's degrees and doctorate degrees at various campuses and online.

12. Defendant Brightwood Career Institute, a subsidiary wholly owned by ECA, was accredited by the Accrediting Council for Independent Colleges and Schools (ACICS) and offered programs focused on the employment needs across Pennsylvania by placing campuses in Broomall, Harrisburg, Philadelphia, Philadelphia Mills and Pittsburgh.

13. Defendant Brightwood College, a subsidiary wholly owned by ECA, was also accredited by the ACICS and offered degree and diploma programs at campuses located in California, Indiana, Maryland, Nevada, North Carolina, Ohio, Tennessee and Texas.

14. Defendant Culinary Institute of Virginia College, a subsidiary wholly owned by ECA, was accredited by the ACICS and offered culinary school training at campuses in Alabama, Florida, Georgia, North Carolina, South Carolina and Virginia.

15. Defendant Ecotech Institute, a subsidiary wholly owned by ECA, was accredited by the ACICS and offered courses in renewable energy and energy efficiency at its campus in Aurora, Colorado.

16. Defendant Golf Academy of America, a subsidiary wholly owned by ECA, was accredited by the ACICS and offered golf training at campuses in Arizona, California, Florida, South Carolina and Texas.

17. Defendant Virginia College, a subsidiary wholly owned by ECA, was accredited by the ACICS and offered diploma and associate's degree programs at campuses in Alabama, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas and Virginia.

18. Plaintiffs bring this action on behalf of themselves, and other similarly-situated former employees who worked for ECA and its wholly owned subsidiaries and were terminated without cause, as part of, or as the result of, the mass layoff/campus closing/termination of operations ordered by ECA and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

## WARN ACT CLASS ALLEGATIONS

19. The Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

20. The Plaintiffs bring a Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of themselves and on behalf of all other similarly-situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a), who worked at or reported to an ECA campus or Facility and were terminated without cause as the reasonably

foreseeable consequence of the mass layoff/campus closing ordered by Defendants, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

21. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Upon information and belief, the Plaintiffs believe that the Class consists of at least 150-350 employees. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

22. On information and belief, the identity of the members of the class and the recent residential address of each of the WARN Class Members is contained in the books and records of Defendants.

23. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

24. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

- Whether the members of the WARN Class were employees of the Defendants who worked at or reported to an ECA campus or Facility;

- Whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

- Whether Defendants unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

25.     The Plaintiffs' claims are typical of those of the WARN Class. The Plaintiffs, like other WARN Class members, worked at or reported to the an ECA campus or Facility and were terminated without cause or as part of the mass layoff/plant closing ordered by Defendants.

26.     The Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Class Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

27.     The Defendants terminated the Plaintiffs' employment as part of a mass layoff/campus closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act.

28.     The Plaintiffs and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

29.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation — particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

30.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of

the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

31.     Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

32.     Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

33.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

34.     At all relevant times, Defendants were "employers," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business both during and after the Defendants' decision to orchestrate the mass layoff of their employees at the ECA campuses and ECA Subsidiaries and/or the shut-down of Defendants' business operations.

35.     The Defendants ordered and arranged for a "plant closing", as that term is defined by 29 U.S.C. § 2101(a)(2).

36.     The plant/campus closing at Defendants' employment sites resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the employment sites, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8), and at least 50 employees (again excluding any part-time employees) experienced an "employment loss" at single sites of employment.

37. The Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff/plant closing ordered by Defendants.

38. The Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

39. Defendants were required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

40. Defendants failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

41. The Plaintiffs, and each of the Class Members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

42. Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and upon information and belief, failed to make the pension and 401(k) contributions from and after the dates of their respective terminations.

43. The relief sought in this proceeding is equitable in nature.

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly-situated persons, prays for the following relief as against Defendants, jointly and severally:

    a. Certification of this action as a Class Action;

    b. Designation of the Plaintiffs as Class Representatives;

    c. Appointment of the undersigned attorneys as Class Counsel;

    d. Judgment finding that Defendants' conduct was a violation of the WARN Act, 29 U.S.C. § 2101 *et seq.*;

    e.    Award of Damages in favor of each named Plaintiff and each Other Similarly Situated Individual, equal to 60 days' wages and benefits, pursuant to the WARN Act;

    f.    Award of Damages in favor of each WARN Class Member equal to the unpaid wages, penalties, and interest due from the date the wages were due;

    g.    All interest as allowed by law on the amounts owed under the preceding paragraphs;

    h.    Reasonable attorneys' fees and costs; and

    i.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues triable by jury.

DATED: December 7, 2018    **KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Sally E. Veghte*
Sally E. Veghte (DE Bar No. 4762)
919 Market Street, Suite 1000
Wilmington, DE  19801
Telephone: (302) 552-5503
sveghte@klehr.com

-And-

Charles A. Ercole, Esquire (*Pro Hac Vice* to be Filed)
1835 Market Street, Suite 1400
Philadelphia, PA  19103
Telephone:  (215) 569-4282
Email:  cercole@klehr.com

*Attorneys for Class Plaintiffs and the Putative Class*